**In the Matter of Joseph F. MUTO.**

**No. 773 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

Dec. 10, 2002.

*ORDER*

PER CURIAM.

AND NOW, this 10th day of December, 2002, Joseph F. Muto having been disbarred from the practice of law in the State of New York by Order of the Supreme Court of New York, Appellate Division, First Judicial Department, filed March 19, 2002; the said Joseph F. Muto having been directed on September 4, 2002, to inform this Court of any claim he has that the imposition of the identical or comparable discipline in this Commonwealth would be unwarranted and the reasons therefor; and no response having been filed, it is

ORDERED that Joseph F. Muto is disbarred from the practice of law in this Commonwealth, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner**

v.

**Jay Ira BOMZE, Respondent.**

**No. 800 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

Dec. 12, 2002.

*ORDER*

PER CURIAM:

AND NOW, this 12th day of December, 2002, there having been filed with this Court by Jay Ira Bomze his verified Statement of Resignation dated November 1, 2002, stating that he desires to resign from the Bar of the Commonwealth of Pennsylvania in accordance with the provisions of Rule 215, Pa.R.D.E., it is

ORDERED that the resignation of Jay Ira Bomze be and it is hereby accepted and he is DISBARRED ON CONSENT from the Bar of the Commonwealth of Pennsylvania; and it is further ORDERED that he shall comply with the provisions of Rule 217, Pa.R.D.E. Respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.